**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 9 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO ROSAS MORLET, | No. 24-1735 |
| Petitioner, | Agency No. A215-881-567 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2025**
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Alejandro Rosas Morlet, a citizen of Mexico, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from

an order by an immigration judge ("IJ") denying his application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously granted the parties' joint motion to submit this
matter without oral argument. *See* Fed. R. App. P. 34(a)(2)(f).

adopts and affirms the decision of the IJ and provides additional reasoning, we review both decisions. *See Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition.

The agency determined that Rosas Morlet was not eligible for cancellation of removal because he did not establish that his removal "would result in exceptional and extremely unusual hardship" to his U.S. citizen children under 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction to review this determination as a mixed question of fact and law, but because "this mixed question is primarily factual," our "review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).[1] The agency's findings of fact underlying this determination—"[f]or instance, an IJ's factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides"—are unreviewable. *Id.*

To establish an "exceptional and extremely unusual hardship," a petitioner "must prove that his citizen relatives would suffer hardship substantially beyond that which would ordinarily be expected to result from" his removal. *Chete Juarez v. Ashcroft*, 376 F.3d 944, 949 n.3 (9th Cir. 2004) (internal quotation marks and

---

[1] While *Wilkinson* did not define the "deferential" review required for review of "exceptional and extremely unusual hardship" determinations, 601 U.S. at 225, we recently held that "substantial evidence" review applies, *see Gonzalez-Juarez v. Bondi*, No. 21-927, slip op. at 11 (9th Cir.). No matter what "deferential" review applies, we would deny the petition.

citation omitted). Rosas Morlet argues that the agency failed to consider the possible future progression of his daughter's hypothyroidism and improperly weighed the evidence as to Rosas Morlet's financial and emotional support for his children. We disagree.

The agency acknowledged that Rosas Morlet's daughter suffers from hypothyroidism, that Rosas Morlet's children rely upon him financially, and that Rosas Morlet's removal to Mexico would cause his children emotional hardship. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (explaining the agency must consider "the ages, health, and circumstances of qualifying relatives" (internal quotation marks and footnote omitted)). The agency also found that Rosas Morlet's daughter would continue to receive medical treatment in Arizona if Rosas Morlet were removed to Mexico, so did indeed consider the possible future progression of the daughter's medical condition. The agency ultimately determined that although Rosas Morlet's removal would impact his children financially and emotionally, those impacts were not "beyond that which would ordinarily be expected to result from" his removal. *Chete Juarez*, 376 F.3d at 949 n.3 (citation omitted).[2] Given the "deferential" standard of review,

---

[2] In a single sentence, Rosas Morlet also argues that "exceptional and extremely unusual hardship . . . is unconstitutionally vague and is extremely subjective." Because Rosas Morlet does not develop this argument further, we need not address this bare assertion. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We

*Wilkinson*, 601 U.S. at 225, we conclude that the agency did not err in its determination that Rosas Morlet failed to satisfy the eligibility standard for cancellation of removal.[3]

**PETITION DENIED**.

---

review only issues which are argued specifically and distinctly in a party's opening brief . . . and a bare assertion does not preserve a claim . . . .").

[3] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 14.

24-1735